**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------X
                               :
UNITED STATES OF AMERICA,       :
                               :
        Plaintiff              :
                               :
          v.                   :
                               :        No. 3:06CV555(EBB)
$448,163.10 IN U.S. CURRENCY,   :
                               :
        Defendant.             :
                               :
-------------------------------X
```

RULING ON CLAIMANT'S MOTION TO DISMISS [Doc. No. 11]


INTRODUCTION

This civil forfeiture action was brought by the United States pursuant to 18 U.S.C. § 981(a)(1)(c). The government alleges that the defendant $457,163.10 "constitutes or is derived from proceeds traceable to violations of conspiracy to commit mail and wire fraud, 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 371." (Compl. ¶ 1.) Claimant James Galante moves to dismiss the government's Verified Complaint of Forfeiture for lack of jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and for failure to state the circumstances from which the forfeiture claim arises with sufficient particularity, pursuant to Supplemental Rule for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions E(2) ("Supplemental Rule E(2)"). For the

1

reasons set forth below, the motion (Doc. No. 11) is DENIED.

<u>FACTUAL BACKGROUND</u>

On July 19, 2005, federal agents executed search warrants at James Galante's home and business addresses. Among the items seized was $457,163.10 in United States currency. On December 7, 2005 the government sent notices to Galante of its intent to subject the currency to administrative forfeiture. This notice informed Galante that he was required to file a claim of ownership by January 11, 2006 in order to contest the forfeiture in court; otherwise he would waive the right to contest forfeiture in a judicial proceeding. On January 9, 2006, the government received a claim of ownership from Galante. (Galante's Mem. In Supp. at 4; Government's Mem. in Opp. at 11-12.)

On April 10, 2006, the government initiated civil forfeiture proceedings against the defendant $457,163.10 by filing a Verified Complaint of Forfeiture seeking forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). The Complaint incorporates by reference a sealed affidavit setting forth the facts supporting the government's forfeiture claim. (Compl. ¶ 6.) This affidavit was produced to claimant Galante and his counsel pursuant to an order of the Court on July 19, 2006. (Doc. No. 19.)

<u>DISCUSSION</u>

A.   <u>Motion to Dismiss for Lack of Jurisdiction Over the *Res*</u>

Galante argues that government's notice to him of its intent

to subject the defendant $457,163.10 to administrative forfeiture proceedings was untimely and that the action should therefore be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of jurisdiction over the defendant money. Galante received notice of the administrative forfeiture proceeding on December 7, 2005, which was 141 days after the July 19, 2005 searches during which federal agents seized the defendant money. 18 U.S.C. § 983(a)(1)(A)(i) provides that "in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." Because Galante received notice more than 60 days after the seizure, the notice was late.

Despite the clear language of the statute, the government argues that its notice of administrative forfeiture proceedings was timely. The government claims that, according to "certain Department of Justice policies," the 60-day period for serving notice "commences not on the day the government first took custody of the cash, but on the date when the United States first determined that the seized funds should be made the subject of civil forfeiture proceedings." (Government's Mem. in Opp. at 4.) The Court rejects this argument. Section 983(a)(1)(A)(I) clearly

3

requires that notice be served within 60 days of the property's seizure. In this case, seizure occurred when the government took the defendant property from Galante's possession on July 19, 2005. See United States v. Jacobsen, 466 U.S. 109, 113 (1984) ("seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property"); see also United States v. Assorted Jewelry with an Approximate Value of $ 219,860.00, 386 F. Supp. 2d 9 (D.P.R. 2005) (holding that notice was untimely in a case where the government served notice of administrative forfeiture 63 days after a safe had been taken from claimant's possession and rejecting government's argument that the 60-day notice period commenced when the government opened the safe several days after agents took it from the claimant's possession) (citing Black's Law Dictionary, 1393 (7th ed. 1999)). The government's interpretation of the notice requirement, regardless of whether it is supported by the policies of the Department of Justice, is inconsistent with the plain language of the statute.

However, the Court concludes that dismissal of the civil forfeiture action is not the proper remedy for the government's violation of the 60-day notice requirement. The 60-day notice requirement applies only to administrative nonjudicial civil forfeiture proceedings; judicial civil forfeiture proceedings are governed by another set of notice requirements. See 18 U.S.C. §§ 983(a)(1)(3), 983(a)(1)(4). Therefore, the government's untimely

4

notice does not of itself require dismissal of the civil forfeiture complaint. Nor does the Court believe that outright dismissal is an appropriate sanction for the government's failure to comply with the procedural requirements of § 983(a)(1)(A)(I). Outright dismissal of a complaint with prejudice is an extreme sanction and is not warranted in a case such as this, especially considering that Galante has not been deprived of an opportunity to contest the grounds of forfeiture in court. See Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (recognizing that "the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one," and that "courts should prefer less severe sanctions that preserve the possibility of disposition on the merits") (citations omitted).

Section 983(a)(1)(F) provides that, in instances where the government fails to comply with the 60-day notice requirement for administrative forfeitures, it shall be required to "return the property ... without prejudice to the right of the Government to commence a forfeiture proceeding at a later time." Galante would have the Court interpret this statutory language to require the government to return the defendant $457,163.10 *before* it may commence a subsequent judicial forfeiture action. Galante argues that, because the government has failed to return the property, the Court does not have jurisdiction over the present action. (Galante's Mem. in Supp. at 3.)

Other court's have declined to adopt Galante's interpretation of the statute.  One court found that the "without prejudice" language in § 983(a)(1)(F) makes it "abundantly clear that inadequate notice does not immunize property from forfeiture." United States v. Salmo, No. 06-12909, WL 2006 2975503 at *3 (E.D. Mich. Oct. 17, 2006) (holding that failure to comply with notice requirement of § 983(a)(1)(A)(iv) does not require property to be returned in a case where the government had commenced civil forfeiture proceedings subsequent to its untimely notice) (citing United States v. Real Property Located at 1184 Drycreek Road, 174 F.3d 720, 729 (6ᵗʰ Cir. 1999)); see also United States v. $114,031.00 in U.S. Currency, No. 06-21820-Civ., 2007 WL 2904154 at *3 (S.D. Fla. Oct. 4, 2007) ("[§ 983(a)(1)(F)] does not say that the Government is required to return the property before it can bring a forfeiture proceeding"); Manjarrez v. United States, Nos. 01 Civ. 7530, 01 Civ. 9495, 2002 WL 31870533 (N.D. Ill. Dec. 19, 2002) (rejecting the "argument that return of the property is a prerequisite to the filing of a forfeiture complaint").  The only contrary case cited by the parties is Assorted Jewelry, 386 F. Supp. 2d at 12, in which the court dismissed a forfeiture complaint with prejudice after finding that the government had violated the 60-day notice requirement.  However, unlike the cases rejecting arguments identical to Galante's argument, the court in Assorted Jewelry did not provide any analysis of its decision to dismiss

with prejudice and did not explain how dismissal with prejudice was consistent with the statute's requirement that the property be returned to its owner "without prejudice to the right of the Government to commence a forfeiture proceeding at a later time."

An interpretation of § 983(a)(1)(F) as allowing a civil judicial forfeiture action to proceed despite inadequate notice of administrative forfeiture is consistent with the manner in which courts have traditionally treated procedurally invalid administrative forfeitures. See, e.g., United States v. Giraldo, 45 F.3d 509, 512 (1st Cir. 1995) (stating that the remedy for inadequate notice of administrative forfeiture is to either "set aside the declaration of forfeiture and order the [government] to return the money ... or to begin judicial forfeiture in the district court"); United States v. Volanty, 79 F.3d 86, 88 (8th Cir. 1996) (same); see also United States v. Premises and Real Property at 4492 South Livonia Road, Livonia,, 889 F.2d 1258, 1265 (2d Cir. 1989) (holding that unlawful seizure of a home did not immunize the property from subsequent forfeiture proceedings).

The Court therefore concludes that it does not lack jurisdiction over this action. The government's untimely notice of its intent to subject the defendant property to administrative forfeiture does not require dismissal in this case.

Galante next argues that the Court must dismiss the Verified Complaint of Forfeiture because it was filed more than 90 days

after he submitted his claim of ownership in response to the government's notice of its intent to subject the defendant U.S. currency to administrative forfeiture. 18 U.S.C. § 983(a)(3)(A) provides that, "[n]ot later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rule for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint ..."

Galante's claim is deemed filed on January 9th, the day it was received by the seizing agency. (Galante's Mem. in Supp. at 3-4; Government's Mem. in Opp. at 11-12.) See United States v. 1979 Cadillac Sedan Deville VIN 6D69S99304393, 793 F.Supp. 492, 494 (D. Vt. 1992) ("it is well settled that 'filing' in the legal context carries the meaning not of sending papers, but of 'delivery into the actual custody of the proper officer, designated by statute'") (quoting Greenwood v. State of New York, Office of Mental Health, 842 F.2d 636, 638 (2d Cir. 1988) and citing Fed. R. Civ. P. 5(e); United States v. Lombardo, 241 U.S. 73, 76 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed")); Pathway Bellows, Inc. v. Blanchette, 630 F.2d 900, 902 (2d Cir. 1980)).

Ninety days counting from January 9, 2006 is April 9, 2006, which was a Sunday. Federal Rule of Civil Procedure 6(a) provides that

> In computing any period of time prescribed or allowed by ... any applicable statute . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

Therefore, the 90 day period ran until the end of Monday, April 10, 2006. The government timely filed its forfeiture complaint on that day.

B.  <u>Motion to Dismiss for Failure to Allege Facts With Sufficient Particularity</u>

Supplemental Rule E(2) provides that a forfeiture complaint "shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." <u>See also</u> 18 U.S.C. § 983(a)(3)(A) (incorporating Supplemental Rules into statute governing filing of a civil forfeiture complaint). Supplemental Rule E(2)(a) requires that a complaint allege "facts sufficient to support a reasonable belief that the government can demonstrate probable cause for finding the property" is subject to forfeiture. <u>United States v. Daccaret</u>, 6 F.3d 37, 47 (2d Cir. 1993) (citing <u>United States v. U.S. Currency, in the Amount of $150,660.00</u>, 980 F.2d 1200, 1205 (8th Cir. 1992)). In addition to the allegations in the complaint, "courts have examined supporting affidavits to determine whether they cure a lack of particularity in the complaint itself." <u>United States v. 4492 S. Livonia Rd.</u>,

889 F.2d 1258, 1266 (2d Cir. 1989) (holding that an affidavit stating "the dates, circumstances, location and parties to the alleged drug transactions as well as the drugs and drug paraphernalia seized from the premises, cured any defect in the complaint") (citing <u>United States v. Pole No. 3172</u>, 852 F.2d 636, 639-40 (1st Cir. 1988) and <u>$38,000.00 in United States Currency</u>, 816 F.2d 1538, 1541 (11th Cir. 1987)).

The Verified Complaint of Forfeiture incorporates by reference the Affidavit of Special Agent Jeffrey Waterman. (<u>See</u> Compl. ¶ 6.) The alleged facts set out in this 42 page affidavit are sufficient to cure any defect in the complaint.

The Waterman Affidavit was initially filed under seal. However, on July 19, 2006, the Court ordered the affidavit produced to Galante and his counsel. (<u>See</u> Doc. No. 19.) Facts set forth in an affidavit accompanying a forfeiture complaint may serve to cure a lack of specificity in the complaint even when the affidavit was originally filed under seal. <u>See</u> <u>United States v. Real Property commonly known as 16899 S.W. Greenbrier</u>, 774 F. Supp. 1267, 1268, 1270 (D. Or. 1991) (finding that affidavit unsealed shortly before the court's ruling on motion to dismiss met the particularity requirements of Supplemental Rule E(2)); <u>see also</u> <u>United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates</u>, 128 F.3d 1386, 1397 (10th Cir. 1997) (affirming judgment of forfeiture in which affidavit was filed under seal and

disclosure in attachments to government's motion for summary judgment cured defective complaint).

CONCLUSION

For the foregoing reasons, the motion to dismiss (Doc. No. 11) is DENIED.


SO ORDERED


_____/s/_____
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE


Dated at New Haven, Connecticut this 20th day of November, 2007.